UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | |
|---|---|
| **WARDELL JONES** | **CIVIL ACTION NO. 10-859, SEC. P** |
| **VERSUS** | **JUDGE MINALDI** |
| **PRISCILLA PITRE** | **MAGISTRATE JUDGE KAY** |

### REPORT AND RECOMMENDATION

Before the court is *pro se* plaintiff Wardell Jones' civil rights suit (42 U.S.C. § 1983) filed *in forma pauperis* on May 20, 2010. Doc. 1. The complaint was originally filed in the United States District Court for the Middle District of Louisiana but was transferred to this court on May 24, 2010. Doc. 4. Jones is an inmate in the custody of Louisiana's Department of Public Safety and Corrections (LDOC), and is incarcerated at the Allen Correctional Center (ACC), Kinder, Louisiana. Doc. 1, p. 2.

Petitioner names Prisicilla Pitre (identified as a DOC records analyst located at ACC) as his defendant herein. Doc. 1, p.3. He asks to have his release date re-calculated and to have costs assessed against the defendant. Doc. 1, p. 4

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court.

### STATEMENT OF THE CASE

Plaintiff's claims center on his allegation that defendant Pitre has refused to follow the lawful commitment order of the sentencing court. Doc. 1, p. 16. Along with his complaint, plaintiff filed a motion to show cause in which he details his position in regard to his sentence, as well as extracts from his sentencings, plea hearings, and arraignments. Doc. 1, p. 15-30.

According to plaintiff's motion for rule to show cause he was arrested on November 13, 2004. Doc. 1, p.15. On May 16, 2005, he pled guilty to four offenses bearing docket numbers 04-1991, 04-1992, 05-682, and 05-781. Doc. 1, p. 15.

On August 12, 2005, defendant was sentenced as follows:

a.  04-1991 (Aggravated Battery), 2 years imprisonment to run concurrent with 05-682;
b.  04-1992 (Distribution of a Schedule II Controlled Dangerous Substance), 7 years imprisonment to run consecutive with 05-781;
c.  05-682, 3 years; and
d.  05-781, 2 years imprisonment to run consecutive with 04-1991. Doc. 1, p. 15.

Plaintiff contends that the 2 year sentence imposed in 04-1991 is not being run concurrently with the 3 year sentence imposed in 05-682. Doc. 1, p. 16. As a result of the above, plaintiff seeks to have his release date re-calculated and to have his costs assessed against the defendant. Doc. 1, p. 4.

## LAW AND ANALYSIS

At the onset, this court is called upon to determine whether to treat plaintiff's pleading as a civil rights complaint under 42 U.S.C. § 1983, as plaintiff advances, or as a petition for *habeas corpus* . Generally, § 1983 suits are the proper vehicle to attack unconstitutional conditions of confinement and prison procedures. *See Cook v. Texas Dep't of Criminal Justice Transitional Planning Dep't*, 37 F.3d 166, 168 (5th Cir.1994). A *habeas* petition, on the other hand, is the proper vehicle to seek release from custody. *See Pugh v. Parish of St. Tammany*, 875 F.2d 436, 439 (5th Cir.1989)." *Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997).

The Fifth Circuit has adopted a simple, bright-line rule for determining how to categorize such *pro se* pleadings: If "a favorable determination ... would not automatically entitle [the prisoner] to accelerated release," the proper vehicle is a § 1983 suit. *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir.1995) (per curiam), *cert. denied*, 516 U.S. 1059, 116 S.Ct. 736, 133 L.Ed.2d 686

(1996). Based upon a review of the pleadings herein, the court determines that plaintiff has alleged a *habeas* claim.

## *Habeas Relief*

Given the nature of plaintiff's claim, *habeas corpus* provides the exclusive federal remedy available to state prisoners challenging the fact or duration of their confinement and seeking speedier or immediate release. *See Preiser v. Rodriguez*, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973); *see also Clarke v. Stalder*, 154 F.3d 186, 189 (5th Cir.1998). Plaintiff seeks re-calculation of his release date; as such, he challenges the duration of his confinement and seeks a speedier release from custody. This pleading should be construed as an application for writ of *habeas corpus* filed pursuant to 28 U.S.C. § 2241 and not §2254, because petitioner does not seek to undo his Louisiana state court conviction (as would be the case in a §2254 *habeas*), but instead to correct the alleged unconstitutional actions of the prison authorities that have resulted in the alleged miscalculation of petitioner's sentence. *See* 28 U.S.C. 2241(c)(3); *see also Ojo v. INS*, 106 F.3d 680, 683 (5th Cir.1997) (holding that § 2241 is the proper vehicle to attack the manner in which a sentence is being executed).

## *Exhaustion of Available State Court Remedies*

Federal law requires state prisoners to exhaust available state court remedies as to each and every ground upon which entitlement to *habeas corpus* relief is claimed, whether suit is filed pursuant to 28 U.S.C. § 2241 or § 2254(b). *Dickerson v. Louisiana*, 816 F.2d 220, 225 (5th Cir.1987), *cert. denied*, 484 U.S. 956, 108 S.Ct. 352, 98 L.Ed.2d 378 (1987); *Rose v. Lundy*, 455 U.S. 509 (1982); *Serio v. Members of Louisiana Bd. of Pardons*, 821 F.2d 1112, 1117 (5th Cir.1989). This rule of exhaustion, while not mandated by §2241, is a jurisprudential rule based on notions of federalism and comity. Federalism and comity demand that the state courts be afforded a fair opportunity to hear and consider *habeas corpus* claims raised by state prisoners before those claims are heard in federal court. *Picard v. Connor*, 404 U.S. 270, 275 (1971).

Generally, the exhaustion requirement is satisfied only when the grounds urged in a federal petition were previously presented to the state's highest court in a procedurally proper manner. *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir.1988). This total exhaustion rule promotes comity but does not unreasonably impair a prisoner's right to relief. *Rose*, 455 U.S. at 523. As stated above, when a state prisoner claims that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of *habeas corpus*. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Since plaintiff seeks a recalculation of his sentence and since such a recalculation would result in a speedier release from custody, he must comply with the statutory and jurisprudential requirements concerning exhaustion of available state court remedies.

A federal district court may notice *sua sponte* the lack of exhaustion. *Shute v. State*, 117 F.3d 233, 237 (5th Cir.1997). Federal courts can dismiss without prejudice a federal petition for writ of *habeas corpus* that presents unexhausted grounds for relief. *Rose v. Lundy*, 455 U.S. 509, 510 (1982). "The exhaustion requirement 'is not jurisdictional, but reflects a policy of federal-state comity designed to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights.'" *Moore v. Quarterman*, 491 F.3d 213, 220 (5th Cir.2007)(quoting *Anderson v. Johnson*, 338 F.3d 382, 386 (5th Cir.2003)).

To satisfy the exhaustion requirement, the *habeas* petitioner must have fairly presented the substance of his federal *habeas corpus* claims to the highest state court. *Vasquez v. Hillery*, 474 U.S. 254, 257-58 (1986); *Morris v. Dretke*, 413 F.3d 484, 491 (5th Cir.2005). In Louisiana, the highest court is the Louisiana Supreme Court, therefore, in order to satisfy the statutory and jurisprudential requirement of exhaustion, a *habeas corpus* petitioner who attacks the legality of his confinement must have presented his claims in a procedurally correct manner to the Louisiana Supreme Court before raising those claims in federal court. While not specifically alleged, the presumptively reliable published jurisprudence shows that Jones has not exhausted

available State court remedies[1]

Therefore, **IT IS RECOMMENDED** that this action be **DISMISSED WITHOUT PREJUDICE** for failing to exhaust available state court remedies.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Serv. Auto. Ass'n*, **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE this 16th day of June, 2011.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE

---

[1] With regard to the sentence computation claim, Jones was obliged to raise this claim through the Louisiana Department of Corrections' administrative remedies procedure grievance process; should that prove unsuccessful, he was obliged to seek judicial review in the District Court, and thereafter in the Court of Appeals and the Louisiana Supreme Court. A review of the presumptively reliable published jurisprudence of the State of Louisiana reveals no Supreme Court writ judgments involving the petitioner, and therefore, one concludes that plaintiff has not presented the substance of his claims to Louisiana's highest court